## IN EQUITY.—JUNE, 1855.

## ROBERT CLOUSTON, Administrator of F. J. Porter, *vs.* FREDERIC OGDEN.

The court granted an injunction against the defendant, the surviving partner of F. J. Porter, and appointed a receiver to settle up the partnership business.

JUDGE ROBERTSON, acting as Chancellor, delivered his decision as follows:

The complainant, by his counsel, moves the court to grant an injunction against the defendant in this cause; to appoint a receiver to take charge of and wind up the unsettled business and accounts of the late firm of Porter & Ogden, and that the defendant be ordered to appear personally before this court, or the master, to answer on oath such interrogatories as may be administered to him, on the part of the complainant.

In support of this motion the learned counsel argues that the answer filed in this cause, by the respondent, is not a compliance with the order to make discovery and to account; that the answer is altogether insufficient, and that the respondent has been guilty of mismanagement and negligence in the discharge of the duties devolving upon him as surviving partner, whereby a large sum of money belonging to the assets of the late firm has been lost, and inasmuch as he has failed, after the lapse of a reasonable time, to render a proper account.

It appears by the respondent's answer, that there is still, after the lapse of ten months since the dissolution of the partnership, by the death of Frederic James Porter, a considerable portion of the joint property remaining unsold, and exposed to the risk of damage by fire, as well as to deterioration in value.

We think the answer of the respondent, together with the whole tenor of his conduct in reference to this matter, displays an unjustifiable degree of reluctance on his part to render an account to the representatives of his deceased partner, in regard to the property in which they possess an equal interest with himself. Judging from the statements contained in the respondent's answer, we are constrained to believe that more than a reasonable time has already been allowed him to settle up a business of the moderate extent of that transacted by the late firm, or at least to account fully in every respect, and we look upon his having failed to do so as a breach of his duty. It does not appear by his answer that any inventory was made of the partnership effects, or any statement made up of its assets and liabilities at the time of the dissolution, or any balance sheet to show the position of the firm, or to show how each partner's account stood with reference to the joint estate ; and what is still more extraordinary, the respondent now states on oath, in his answer, without any explanation whatever, that he has not the means of ascertaining the amount of consignments made to the firm, or the amount of commissions earned and received by it, during the few years of its existence. The respondent does not state whether or not he has applied any part of the partnership funds, since the dissolution, to the extinguishment of the partnership debts, if any there were, while he alleges that the

sum of $5,000, in cash, has been stolen from those funds in his custody.  These circumstances seem to call for the interference of this court, in order that the rights of those who are equally interested with the respondent, may be speedily ascertained and carefully protected.

We have consulted many of the authorities on this subject, and we think the present case comes within the rules which usually guide courts of equity in affording their aid.  (Kent's Com.. 7th Ed., Vol. 3, page 63; Story on Part., Sec. 347.)

The motion is granted.

Mr. Montgomery, for complainant.

Mr. Blair, for respondent.